# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

MICHAEL DEAN CYRUS,

  Petitioner,

v.

CRAIG KOENIG, Warden,

  Respondent.

Case No. SA CV 18-2173 SJO (MRW)

**ORDER DISMISSING HABEAS ACTION WITH PREJUDICE**

**FRCP 41(b)**

The Court dismisses this habeas action with prejudice for failure to prosecute and for failure to respond to Court orders.

\* \* \*

1. This is a state habeas case. Until recently, Petitioner was serving a life sentence in state prison based on his 1989 murder conviction. (Docket # 9 at 6.) He filed this habeas corpus action under 28 U.S.C. § 2254 to challenge the state Board of Parole Hearing's 2017 denial of parole. (Docket # 1, 4.)

2. Two weeks after filing the federal action, the Board granted Petitioner's parole request. (Docket # 9 at 69.) Petitioner declined to dismiss his

action even though he recognized that "this grant of parole [ ] makes his request for parole moot." (Docket # 8 at 2.)

3. The California Attorney General moved to dismiss the case on mootness grounds in February 2019. (Docket # 9.) Magistrate Judge Wilner ordered Petitioner to respond to the motion or take other appropriate action by the end of March 2019. (Docket # 10.) Petitioner did not respond.

4. Judge Wilner subsequently issued an order to show cause why the action should not be dismissed. (Docket # 11.) The order warned Petitioner that, if he failed to respond by the end of May, "the action will be dismissed [ ] under Federal Rule of Civil Procedure 41(b) for failure to prosecute the action." Petitioner did not respond to the Court's OSC.

\* \* \*

5. Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Dietz v. Bouldin, 136 S.Ct. 1885, 1892 (2016) (citing Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962)).

6. Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Additionally, a court must consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 890 (9th Cir. 2019); Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011).

7. In the present action dismissal is appropriate. Petitioner did not respond to the Court's order regarding the Attorney General's motion to dismiss the action. The Court gave Petitioner ample opportunity to respond to the motion

and advised Petitioner that he risked dismissal of his case if he did not act. Petitioner's failure to respond to the Court's orders demonstrates that he has no interest in advancing the action here.

8. By contrast, the Court, the state, and the public have a strong interest in terminating this action. This is particularly true given that Petitioner effectively abandoned his case by not responding to the Court's orders or the Attorney General's dismissal motion in the action.[1] Furthermore, because Petitioner is a pro se litigant who did not abide by the Court's recent order, no sanction short of dismissal will be effective in moving this case forward. Applied Underwriters, 913 F.3d at 890.

9. Dismissal is appropriate under Rule 41(b). Accordingly, this action is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: July 8, 2019

*S. James Otero*
HON. S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[1] If the Court took up the merits of the motion, dismissal would certainly be warranted. When a state prisoner is released on parole, any habeas claim regarding those proceedings becomes moot because "there is no injury that can be redressed by a favorable decision." Marcelo v. Cate, 459 F. App'x 668 (9th Cir. 2011); Munoz v. Rowland, 104 F.3d 1096, 1097-98 (9th Cir. 1997) ("Because Munoz has been released[,] we can no longer provide him the primary relief sought in his habeas corpus petition").